# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lewis Price : | |
| 1714 Camp Drive : | |
| Windber, PA 15963 : | # _____ |
| : | |
|        Plaintiff : | |
| : | |
| v. : | |
| : | |
| Shryle Kick : | |
| 510 Main Street, Apt. 1 : | |
| Portage, PA 15946 : | |
|        And : | |
| George Robert Bishop : | |
| 510 Main Street, Apt. 1 : | |
| Portage, PA 15946 : | |
|        And : | |
| United States of America c/o United States : | |
| Postal Service : | |
| 475 L'Enfant Plaza SW : | |
| Washington, DC 20260 : | |
|        Defendants : | |
| : | |

## **COMPLAINT**

## **PARTIES**

1.	Plaintiff, Lewis Price, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.	Upon information and belief, Defendant, Shryle Kick, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.	Defendant, George Robert Bishop, is a resident of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4.     Defendant, United States of America c/o United States Postal Service, is a corporate entity authorized to conduct business in Washington, DC, with a business address listed in the caption of this Complaint.

5.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Lewis Price, is a citizen of Pennsylvania and the Defendant, Shryle Kick, is a citizen of Pennsylvania and the Defendant, United States of America c/o United States Postal Service, upon information and belief is a corporate entity with its principal place of business in Washington, DC and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

8.     On or about July 23, 2016, at or about 2:57 p.m., Plaintiff, Lewis Price, was the operator of a motor vehicle, which was traveling on State Route 160 and State Route 56, near Pomroy Drive, in Windber, PA.

9.     At or about the same date and time, Defendant, Shryle Kick, was the operator of a motor vehicle, owned by Defendant, George Robert Bishop, which was traveling on State Route 160 and State Route 56, at or around the aforementioned location of the Plaintiff's vehicle.

10. At or about the same date and time, while within the scope of employment of the United States Postal Service, the defendant's vehicle malfunctioned, causing the vehicle to strike the claimant's motorcycle.

11. At all times relevant hereto, Defendant, Shryle Kick, was operating the aforesaid Defendant, George Robert Bishop's, vehicle as an agent, servant and/or employee, acting within the scope of its agency.

12. The aforesaid motor vehicle collision was the result of Defendant, negligently, recklessly and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

13. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

14. As a result of the collision, Plaintiff suffered severe and permanent injuries, including but not limited to, tearing in the right shoulder - requiring arthroscopic debridement, subacromial abrasion arthroplasty, resection of distal clavicle, and repair of SLAP lesion and rotator cuff injury; right wrist injuries, tendon tears; cervical spine injuries, with protrusions at C3-C4 & C4-C5; head injuries, including a concussion, and diagnosis of post-concussion syndrome, as are more fully set forth below.

**COUNT I**
**Lewis Price v. Shryle Kick**
**Negligence**

15. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

16. The negligence, recklessness and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Rear-ending Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent, careless and/or reckless manner so as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff's vehicle;

   j. Being inattentive to his duties as an operator of a motor vehicle;

   k. Disregarding traffic lanes, patterns, and other devices;

   l. Driving at a high rate of speed which was high and dangerous for conditions;

   m. Failing to remain continually alert while operating said vehicle;

   n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

    p. Failing to exercise ordinary care to avoid a collision;

    q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    u. Being otherwise reckless, careless and/or negligent under the circumstances.

17. As a result of the collision, Plaintiff suffered severe and permanent injuries, including but not limited to, tearing in the right shoulder - requiring arthroscopic debridement, subacromial abrasion arthroplasty, resection of distal clavicle, and repair of SLAP lesion and rotator cuff injury; right wrist injuries, tendon tears; cervical spine injuries, with protrusions at C3-C4 & C4-C5; head injuries, including a concussion, and diagnosis of post-concussion syndrome, as are more fully set forth below.

18. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may

in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

22. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lewis Price, prays for judgment in plaintiffs' favor and against Defendant, Shryle Kick, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT II
### Lewis Price v. George Robert Bishop
### Negligent Entrustment

23. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

24. The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

  a. Permitting Defendant, Shryle Kick, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

  b. Permitting Defendant, Shryle Kick, to operate the motor vehicle when Defendant, George Robert Bishop, knew, or in the exercise of due care and diligence, should have known that Defendant, Shryle Kick, was capable of committing the acts of negligence set forth above;

  c. Failing to warn those persons, including the Plaintiff, that Defendant, George Robert Bishop, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Shryle Kick's negligent operation of the motor vehicle; and

  d. Otherwise negligently entrusting said vehicle to said individual Defendant, Shryle Kick.

25. As a result of the collision, Plaintiff suffered severe and permanent injuries, including but not limited to, tearing in the right shoulder - requiring arthroscopic debridement, subacromial abrasion arthroplasty, resection of distal clavicle, and repair of SLAP lesion and rotator cuff injury; right wrist injuries, tendon tears; cervical spine injuries, with protrusions at C3-C4 & C4-C5; head injuries, including a concussion, and diagnosis of post-concussion syndrome, as are more fully set forth below.

26. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lewis Price, prays for judgment in plaintiff's favor and against Defendant, George Robert Bishop, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Lewis Price v. George Robert Bishop**
**Respondeat Superior**

30. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

31. The negligence, recklessness and/or carelessness of the Defendant, George Robert Bishop, itself and by and through its agent, servant and/or employee, Defendant, Shryle

Kick, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

a. Rear-ending Plaintiff's vehicle;

b. Operating his vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to rear-end Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

      o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

      p. Failing to exercise ordinary care to avoid a rear-end collision;

      q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

      r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

      s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

      u. Being otherwise reckless, careless and/or negligent under the circumstances.

32. As a result of the collision, Plaintiff suffered severe and permanent injuries, including but not limited to, tearing in the right shoulder - requiring arthroscopic debridement, subacromial abrasion arthroplasty, resection of distal clavicle, and repair of SLAP lesion and rotator cuff injury; right wrist injuries, tendon tears; cervical spine injuries, with protrusions at C3-C4 & C4-C5; head injuries, including a concussion, and diagnosis of post-concussion syndrome, as are more fully set forth below.

33. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently

and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

34. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

35. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

37. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lewis Price, prays for judgment in Plaintiffs' favor and against Defendant, George Robert Bishop, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Lewis Price v. United States of America c/o United States Postal Service
### Respondeat Superior

38. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

39. The negligence, recklessness and/or carelessness of the Defendant, George Robert Bishop, itself and by and through its agent, servant and/or employee, Defendant, Shryle Kick, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a. Rear-ending Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent, careless and/or reckless manner so as to rear-end Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff's vehicle;

   j. Being inattentive to his duties as an operator of a motor vehicle;

   k. Disregarding traffic lanes, patterns, and other devices;

   l. Driving at a high rate of speed which was high and dangerous for conditions;

   m. Failing to remain continually alert while operating said vehicle;

      n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

      o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

      p. Failing to exercise ordinary care to avoid a rear-end collision;

      q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

      r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

      s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

      u. Being otherwise reckless, careless and/or negligent under the circumstances.

40. As a result of the collision, Plaintiff suffered severe and permanent injuries, including but not limited to, tearing in the right shoulder - requiring arthroscopic debridement, subacromial abrasion arthroplasty, resection of distal clavicle, and repair of SLAP lesion and rotator cuff injury; right wrist injuries, tendon tears; cervical spine injuries, with protrusions at C3-C4 & C4-C5; head injuries, including a concussion, and diagnosis of post-concussion syndrome, as are more fully set forth below.

41. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

42. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

43. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

44. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

45. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lewis Price, prays for judgment in Plaintiffs' favor and against Defendant, George Robert Bishop, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: /s/ *Ryan M. Flaherty*
Ryan M. Flaherty, Esquire