IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:20-cv-62 |
| | ) Judge Stephanie L. Haines |
| SHRYLE KICK, GEORGE ROBERT BISHOP, UNITED STATES OF AMERICA c/o UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendants. | ) |

## OPINION

Pending before the Court is a Motion for Summary Judgment (ECF No. 39) filed by Defendant, United States of America c/o United States Postal Service ("USPS"),[1] to dismiss Plaintiff, Lewis Price's Amended Complaint (ECF No. 5). Price's one-count Amended Complaint alleges negligence, recklessness, and carelessness against the USPS, under the theory of respondeat superior, for an auto accident that occurred when postal worker Shryle Kick collided with Price's motorcycle while he was stationary at a stop light intersection. As a result of the accident Price seeks compensation for damages to his personal property, storage fees, and towing, and for expenses related to his injuries including medical and rehabilitative costs.

I.   **Introduction**

    A.   **Procedural History**

---

[1] In Price's initial Complaint (ECF No. 1) he named Shryle Kick and George Robert Bishop as Defendants. The Amended Complaint names the USPS as the sole defendant.

Plaintiff filed the operative Amended Complaint (ECF No. 5) advancing his tort claim against the USPS on August 10, 2020. The USPS Answered the Amended Complaint on August 28, 2020 (ECF No. 8) and then sought leave to file an amended answer which the Court granted. The USPS filed the Amended Answer on January 28, 2021 (ECF No. 27).

Following the close of discovery, the USPS filed its Motion for Summary Judgment (ECF No. 39), a Brief in Support (ECF No. 40), a Concise Statement of Material Facts (ECF No. 41), and an Appendix (ECF No. 42). In turn, Price filed a Response to the USPS's Concise Statement of Material Facts (ECF No. 43) and a Brief in Opposition (ECF No. 44). The matter is ripe for disposition.

**B.      Factual Background[2]**

On July 23, 2016, Price was stopped at the intersection of State Route 160 and State Route 56. *See* ECF No. 41, ¶ 26; Price Depo., ECF No. 42-1, p. 94:1-3. There were no adverse weather conditions on that day and Postal Worker Shryle Kick was delivering mail on State Route 160 when she pulled up to the intersection behind Price. *See* ECF No. 41, ¶¶ 27, 20; Price Depo., ECF No. 42-1, p. 93:18-19. Kick testified that she stopped 50-75 feet behind Price's motorcycle. *See* ECF No. 41, ¶ 28; Kick Depo., ECF No. 42-2, pp. 41:13-17; 45:19-24. Kick did not experience brake failure when she first came to a stop at the intersection. *See* ECF No. 41, ¶¶ 29, 30; Kick Depo., ECF No. 42-2, pp. 41:13-17.

When the traffic light turned green Kick took her foot off the brake, but Price did not proceed through the intersection immediately. Kick re-applied the brake and the pedal went to the

---

[2] The facts set forth in this section are undisputed unless otherwise noted. In Price's Responsive Concise Statement of Material Facts, he denies almost every statement of material fact in Defendant's Concise Statement of Material Facts not as an untruth but to deny any characterization of the fact that Defendant may have included in the statement.

2

floor failing to engage the braking system. *See* ECF No. 41, ¶¶ 32, 33; Kick Depo., ECF No. 42-2, pp. 41:20-24-42:1-2. There was a mild descending incline toward the intersection which caused Kick's vehicle to move forward when her brakes didn't work. *See* ECF No. 41, ¶ 31; ECF No. 42-4 (photograph of inclined road). When Kick realized she was experiencing brake failure she honked her horn and screamed out of her window that she lost her brakes. *See* ECF No. 41, ¶¶ 35, 36; Kick Depo., ECF No. 42-2, pp. 47:3-9, 53:16-17, 64:11-22. Price denies that Kick provided him any warning before the collision. *See* ECF No. 43, ¶ 36; Price Depo., ECF No. 42-1, p. 93:1-16. Kick testifies that she hit Price going approximately three to five miles per hour. *See* ECF No. 41, ¶ 39; Kick Depo., ECF No. 42-2, pp. 74:3-11. After Kick collided with Price she proceeded through the intersection and pulled into a parking lot where her vehicle came to rest. *See* ECF No. 41, ¶ 37; Kick Depo., ECF No. 42-2, pp. 61:20-62:24.

A police officer who arrived at the scene of the accident pushed on Kick's car brakes and confirmed they did not function. *See* ECF No. 41, ¶ 38; Kick Depo., ECF No. 42-2, pp. 66:16-22; Windber Police Report, ECF No. 42-6, p. 6; Commonwealth of Pennsylvania Crash Report, ECF No. 42-7, p. 2. Kick had her brakes repaired and learned that the failure was because of a cable line break. *See* ECF No. 41, ¶¶ 40, 41; Kick Depo., ECF No. 42-2, pp. 43:4-8, 44:5-6, 52:18-22.

Kick states that she is required by the USPS to have her work vehicle, a 2006 Honda CRV, inspected by the state, and that she did so every year. *See* ECF No. 41, ¶¶ 11, 12; Kick Depo., ECF No. 42-2, pp. 29:10-24, 34:3-11. Kick said that the postmaster would check her vehicle to make sure it was in working order and to confirm it had its state inspection. *See* Kick Depo. at 29:1-24 – 30:1-24. The USPS financially contributed to the maintenance of Kick's automobile. *See* ECF No. 41, ¶ 16; Kick Depo., ECF No. 42-2, pp. 27:18-28:18. The USPS did not ask for the Honda CRV's inspection paperwork and the record does not contain any documentation of the

vehicle's inspection history. *See id.* at 29:6-15. Finally, Kick states that she conducted a pre-route check of her 2006 Honda CRV on the day of the accident and found no mechanical issues. *See* ECF No. 41, ¶ 14; Kick Depo., ECF No. 42-2, pp. 36:14-38:3.

## II. Jurisdiction and Venue

Subject matter jurisdiction exists under 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. §1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.[3]

## III. Standard of Review

In relevant part, Rule 56 provides:

A party may move for summary judgment, identifying each claim or defense...on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by...citing to particular parts of materials in the record...or...showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(a), (c).

After discovery and upon a motion, Rule 56 requires the entry of summary judgment against a party who "'fails to make a showing sufficient to establish the existence of an

---

[3] The Court will apply Pennsylvania law in this diversity jurisdiction matter. The Third Circuit instructs the district courts to apply the law of the predominantly concerned jurisdiction. The collision took place in Pennsylvania, and Pennsylvania usually would consider the site of the tort to be the jurisdiction most concerned with the duty of the care owed by an automobile operator. Thus, the Court must look to the law of Pennsylvania as it pertains to the defense of sudden brake failure in a suit for personal injuries arising from an automobile accident. *See Cavallaro v. Williams*, 530 F.2d 473, 475 (3d Cir. 1975) (internal citations omitted).

element essential to that party's case and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin,* 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could decide it in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.,* 480 F.3d 252, 256 (3d Cir. 2007) (citing *Anderson,* 477 U.S. at 248; *Celotex Corp.,* 477 U.S. at 322-23)).

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits, depositions, admissions or answers to interrogatories showing that there is a genuine issue of material fact for trial. *See Celotex,* 477 U.S. at 324. The nonmoving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *See Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir. 1989). However, in deciding a Rule 56 summary judgment motion, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences and resolve all doubts in its favor. *See Woodside v. Sch. Dist. of Phila. Bd. of Educ.,* 248 F.3d 129, 130 (3d Cir. 2001); *Santini v. Fuentes,* 795 F.3d 410, 416 (3d Cir. 2015) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *See Bialko v. Quaker Oats Co.,* 434 F. App'x 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.,* 44 F.3d 195, 200 (3d Cir. 1995)).

## IV. Analysis

Plaintiff Price sues the USPS under the doctrine of respondeat superior. The doctrine of respondeat superior, founded in agency principles, provides that "an employer may be held vicariously liable for its employees' negligent conduct occurring during the scope of employment." *Tavarez v. Klingensmith*, 267 F. Supp. 2d 448, 454 (D.V.I. 2003), *aff'd*, 372 F.3d 188 (3d Cir. 2004) (citing, *e.g.*, *Williams v. Rene*, 72 F.3d 1096, 1099 (3d Cir.1995) (discussing *respondeat superior*)). Thus, if an employee is held liable for acts done on behalf of an employer, the employer might be financially responsible for damages. *See id.* In this case, Price asserts that postal worker Kick was negligent when she was delivering mail and failed to stop at an intersection hitting his motorcycle from behind and causing property damage and personal injury. Price seeks compensation from the USPS.

Defendant, the USPS asks this Court to grant summary judgment in its favor and dismiss Price's Amended Complaint because it states that Kick was not negligent for the collision; the collision was caused by an unexpected brake failure for which she had no notice. The USPS states that under the sudden emergency doctrine Kick cannot be found negligent and therefore it cannot be held responsible for damages resulting from the collision.

Price asserts that the sudden emergency doctrine[4] does not apply here for two reasons, (1) Pennsylvania tort law does not allow the affirmative defense[5] of sudden emergency because a rear-

---

[4] The sudden emergency doctrine is often evaluated with the clear distance rule which instructs that a driver should not travel at a rate of speed greater than will allow that driver to stop within a safe distance from the automobile ahead. *See e.g., Lockhart v. List*, 665 A.2d 1176 (Pa 1995). Given the facts of this case, the clear distance rule is not at issue.

[5] Plaintiff also raises in his Brief in Opposition that the sudden emergency doctrine does not operate as an affirmative defense but "only lessens the burden, and is simply an instruction provided for consideration by the fact-finder." ECF No. 44, p. 4 (citing *Lockhart v. List*, 665 A.2d 1176 (Pa 1995)).

end accident generally constitutes negligence *per se*, and (2) Price's Amended Complaint is one against the United States for negligence which includes a failure to maintain a vehicle and the failure of one's brakes constitutes *res ipsa loquitor* negligence because a failure of the brakes could not have happened but for Defendant's negligent maintenance.[6]

### A. Pennsylvania Tort Law Allows the Defense of Sudden Emergency Doctrine[7]

Price argues that the sudden emergency doctrine is unavailable under Pennsylvania tort law and that "[p]laintiff is generally entitled to summary judgment on liability in a rear-end collision as it constitutes negligence *per se*." ECF No. 44, p. 2. Price's statement is overly broad and fails to consider individual factual circumstances of each potential case.[8] In addition, there is a substantial body of Pennsylvania tort case law evaluating the sudden emergency doctrine thereby verifying its viability as a defense.[9] "[N]egligence is never presumed from the mere happening of

---

[6] The Court notes that Price begins his Argument on page 2 of ECF No. 44 stating, "Defendant's Motion for *Leave* should be denied…" The Court assumes this is a typographical error and will provide its analysis for the USPS's Motion for Summary Judgment and Price's opposition thereto.

[7] Judicial notice is given to Justice Wecht's commentary in *Graham v. Check*. The court specifically stated that "that the sudden emergency doctrine should not be understood as a 'defense' in the common sense, and we find it ill-advised to use the word 'defense' in sudden emergency jury instructions in future cases, notwithstanding that the term features in the current suggested standard instruction." 243 A.3d 153, 168 (Pa. 2020)

[8] *See e.g., Broe v. Manns*, No. 3:15-cv-985 (M.D. Pa Sept. 27, 2016) ("[T]he Middle District of Pennsylvania granted a ***rare*** partial motion for summary judgment … on the issue of negligence *per se* in a motor accident case…. In granting partial summary judgment…the Court focused on admissions made by the Defendant in his deposition [such as] … he attempted to navigate with a cellphone GPS application while driving, that he did not see Plaintiff's vehicle in front of him until it was 'too late,' and that he failed to apply his brakes because he 'was distracted' just before the collision occurred.") (emphasis added). Judge Munley determined that defendant's admissions coupled with the issuance of a citation supported a finding of negligence *per se*. This case does not contain a factual scenario to support such a finding.

[9] *See e.g., Papandrea v. Hartman*, 507 A.2d 822, 826 (1986) (stating that *Chiodo v. Gargloff & Downham Trucking Co.* opinion instructs that "[t]he 'sudden emergency' doctrine was not designed for the purpose of aiding the operator of a vehicle developing unforeseen defective mechanisms. These defects were not those types of unforeseen occurrences contemplated by the 'sudden emergency' doctrine." 454 A.2d 645, 647 (1983). *Chiodo* found that the brake failure of a tractor-trailer did not give rise to a "sudden emergency" defense. "We note additional, if not

the event. He who alleges it must affirmatively prove it or point to such circumstances as naturally and reasonably lead to the conclusion of carelessness on the part of the accused as the proximate cause of the occurrence which resulted in the injuries complained of." *Sowizral v. Hughes*, 333 F.2d 829, 834 (3d Cir. 1964).

That said, the USPS rightly states the elements of a *prima facie* case of negligence in its Brief as: "(1) a duty of care; (2) the breach of duty; (3) a causal connection between the conduct and the resulting injury; and (4) the actual loss or damage resulting to the plaintiff." ECF No. 40, p. 2 (citing *Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264, 1272-73 (2006); *see also Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005)). In this case all the elements of negligence might be satisfied.

Though the elements may be fulfilled, the issue is whether the sudden emergency doctrine "is available as a defense to a party who suddenly and unexpectedly finds him or herself confronted with a perilous situation which permits little or no opportunity to apprehend the situation and act accordingly." *Lockhart v. List*, 665 A.2d 1176, 1180 (Pa. 1995). "The purpose behind the rule is clear: a person confronted with a sudden and unforeseeable occurrence, because of the shortness of time in which to react, should not be held to the same standard of care as someone confronted with a foreseeable occurrence." *Fakes v. Terry*, No. 2:15-CV-01574, 2018 WL 1382513, at *3 (W.D. Pa. Mar. 19, 2018) (quoting *Lockhart v. List,* 665 A.2d 1176, 1180 (Pa. 1995)). "Pennsylvania Courts have analyzed the sudden emergency doctrine as available to an individual,

---

conflicting, precedent in this state's courts. Our supreme court in *Gilligan v. Shaw*, 272 A.2d 462 (1971), and our court *en banc* in *Hartman v. Gieraltowski*, 181 A.2d 688 (1962), appear to recognize vehicular brake failure as justification for the application of the 'sudden emergency' doctrine. We must, therefore, accept appellee's defense of brake failure, if proven, as a sudden emergency.")

8

(1) who suddenly and unexpectedly finds himself confronted with a perilous situation, (2) that permits no opportunity to assess the danger, (3) if he responds appropriately, and (4) proves that he did not create the emergency. The Superior Court noted that these are issues generally resolved by jury." *Collins v. Tate*, No. 2:17-CV-00318-MJH, 2019 WL 3817570, at *4 (W.D. Pa. Aug. 14, 2019) (citing *Drew v. Work*, 95 A.3d 324, 334-35 (Pa. Super. Ct. 2014)).

Once the plaintiff establishes negligence, the burden transfers to the defendant to prove that a sudden emergency occurred, and the defendant handled the unanticipated situation reasonably. "[T]he burden of supporting the application of the sudden emergency doctrine lies with the party asserting it." *Graham v. Check*, 243 A.3d 153, 160 (Pa. 2020). "[O]ne who in a sudden emergency acts according to his best judgment but not in the most judicious manner is not chargeable with negligence, provided he exercises the care of a reasonable prudent person individually under like circumstances." *Ettin v. Ava Truck Leasing*, 53 N.J. 463, 485–86 (1969). Past courts have decided several instances that qualify for the sudden emergency doctrine, including brake failure. "Situations other than moving objects also may qualify to successfully invoke the sudden emergency doctrine. A typical but non-exclusive list includes the appearance of a dust cloud, a sudden blocking of the road, the sudden swerving of another vehicle or blinding lights, deer standing in the roadway, and even brake failure." *McKee by McKee v. Evans*, 551 A.2d 260, 274 (1988) (internal citations omitted); *Potochnick v. Perry*, 861 A.2d 277, 283 (2004) ("A sudden emergency may include brake failure." *Gilligan v. Shaw*, 272 A.2d 462 (1971)). Price contends that Kick did nothing to mitigate the brake failure or avoid the collision. He disputes that Kick honked or screamed to tell him that she lost her brakes, asserting that Kick did not act in a reasonable manner given the circumstances.

9

If the defendant can prove the factual circumstances lend themselves to a sudden emergency, it must also be proven that the emergency was not caused by the defendant. "The sudden emergency doctrine applies when "a party [was] confronted by a sudden emergency over which he had no control, without fault on his part." *Martin v. Hudson Farm Club, Inc.*, No. CV 18-02511, 2022 WL 3227140, at *5 (D.N.J. Aug. 10, 2022) (quoting *Roberts v. Hooper*, 181 N.J. Super. 474, 478 (App. Div. 1981)). A person cannot avail himself of the protection of the sudden emergency doctrine, however, "if that person was himself driving carelessly or recklessly." *Broe v. Manns*, No. 3:15CV985, 2016 WL 5394394, at *3 (M.D. Pa. Sept. 27, 2016) (citing *Chadwick v. Popadick*, 159 A.2d 907, 910 (Pa. 1960)). The parties agree that Kick was not driving in a careless manner, however, Price asserts that his Amended Complaint "is an omnibus complaint against the United States for Negligence, which would include failure to maintain a safe vehicle." ECF No. 44, p. 2. Price alleges that Kick/USPS negligently maintained the brakes on Kick's car causing the accident.

B. The USPS Maintenance of the 2006 Honda CRV Brakes is an Issue of Fact

As stated previously, the sudden emergency doctrine is unavailable to a defendant if the defendant created their own emergency. In this case, Price argues that the USPS created its own emergency by not properly maintaining the brakes on Kick's mail delivery vehicle. Price states, "[I]t is axiomatic that brakes on modern vehicles do not simply fail when properly maintained." ECF No. 44, p. 3. In Kick's deposition she describes the protocol by which the USPS inspected her vehicle for safety. The USPS required Kick to have her car inspected by the state, and she stated she did so every year. *See* ECF No. 41, ¶¶ 11, 12; Kick Depo., ECF No. 42-2, pp. 29:10-24, 34:3-11. Kick also revealed that the postmaster would look at her vehicle to make sure it was in working order by making sure it was inspected and by performing a visual overview. *See* Kick

Depo. at 29:1-24 – 30:1-24. That said, the USPS did not require Kick to provide proof of inspection paperwork. *See id.* at 29:6-15. Kick also stated that she conducted a pre-route check of her 2006 Honda CRV on the day of the accident and found no mechanical issues. *See* ECF No. 41, ¶ 14; Kick Depo., ECF No. 42-2, pp. 36:14-38:3.

Whether the USPS negligently maintained the brakes on Kick's postal delivery automobile is an issue of fact that must be determined by the fact-finder. This decision agrees with precedential case law which often refers to the sudden emergency doctrine as instruction for the jury. *See e.g., Sowizral v. Hughes*, 333 F.2d 829, 836 (3d Cir. 1964) (Stating the appellant did not argue any objections against submitting the sudden emergency issue to the jury. "In charging on sudden emergency, the Trial Judge never told the jury, explicitly or implicitly, that a sudden emergency existed in the present case. Rather, he charged the jury explicitly that the existence of an emergency was a question for it to decide."); *Martin v. Hudson Farm Club, Inc.*, No. CV 18-02511, 2022 WL 3227140, at *5 (D.N.J. Aug. 10, 2022) ("The doctrine 'negates negligence if the jury finds that the party chose one of the alternative reasonably prudent course of action, even though, by hindsight, another course of action would have been safer.'"); *Collins v. Tate*, No. 2:17-CV-00318-MJH, 2019 WL 3817570, at *5 (W.D. Pa. Aug. 14, 2019) ("Therefore, a jury question exists as to which, if any, circumstances constituted the sudden emergency. Accordingly, Collins' motion for summary judgment, as regards the sudden emergency doctrine is denied."); *Bailey v. Branin*, 279 F.2d 344, 348 (3d Cir. 1960) ("The wording of the instruction as given is almost identical with the black letter statement of the sudden emergency doctrine in 27 Pennsylvania Law Encyclopedia Negligence § 8, p. 26: 'Under the sudden emergency rule, negligence cannot be based on the failure to perform a duty which arises so suddenly and unexpectedly that there is no opportunity to comprehend the situation and to act according to the exigency.'"); *McKee by McKee*

*v. Evans*, 551 A.2d 260 (1988) (concluding that the driver being chased had not faced a sudden emergency, since he had several options available and time to choose any one of them in a rational, conscious manner, the court declared that this driver should not be permitted to reap the benefit of his own folly and that, therefore, he was not entitled to a jury charge on sudden emergency.)

As stated, the issues associated with the sudden emergency doctrine are issues generally resolved by a jury. *See Collins*, 2019 WL 3817570, at *4. Most recently, *Graham v. Check* instructs that the sudden emergency doctrine should be viewed as one of many different factors a jury should consider in deliberations, including the existence of an emergency, and the reasonableness of the defendant's reaction, when deciding negligence. *See* 243 A.3d 153, 168 (Pa. 2020).

### IV.  Conclusion

Viewing the facts in the light most favorable to Plaintiff as the nonmoving party and drawing all reasonable inferences and resolving all doubts in Plaintiff's favor, the Court finds that a genuine issue of material fact exists as to whether Defendant acted as reasonably prudent person who is experiencing brake failure and whether Defendant negligently maintained the brakes on the postal delivery vehicle. The existence of genuine issues of material facts preclude judgment as a matter of law in favor of the Defendant. The Motion for Summary Judgment is, therefore, DENIED.

Dated: August 26, 2022

_____
Stephanie L. Haines
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS PRICE, )<br>)<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>SHRYLE KICK, GEORGE ROBERT )<br>BISHOP, UNITED STATES OF )<br>AMERICA c/o UNITED STATES )<br>POSTAL SERVICE, )<br>)<br>   Defendants. ) | Civil No. 3:20-cv-62<br>Judge Stephanie L. Haines |

## ORDER OF COURT

AND NOW, this 26th day of August, 2022, for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that United States of America c/o United States Postal Service's Motion for Summary Judgment (ECF No. 39) is DENIED.

                     /s/ Stephanie L. Haines
                     Stephanie L. Haines
                     United States District Judge